OREN S. GEORGE *v.* ALFRED ARTHUR.

ALFRED ARTHUR, RESPONDENT, *v.* OREN S. GEORGE AND OTHERS, APPELLANTS.

*Foreclosure by advertisement — notice of sale — service of, upon administrators of mortgagor — when sufficient.*

Where a mortgage was foreclosed by advertisement, and notices of sale, in due time and form, were served on the personal representatives of the mortgagor, by inclosing the same to them, respectively, in a proper envelope, sealed and addressed to them at their residences, as follows: Mrs. Minerva George, Martinsburgh, N. Y.; Chester Shumway, administrator, etc., Martinsburgh, N. Y.; Lorenzo Shumway, administrator, etc., Martinsburgh, N. Y. *Held,* that the service was sufficient, and the object of the statute was fully complied with. A notice of sale, addressed to a party interested in mortgaged premises as administratrix, is sufficient though the word administratrix is not added to her name.

THE appeal in the first action, is from an order denying a new trial in an action of trespass, commenced in a justice's court, and removed to this court on a plea of title, etc. The appeal in the second entitled action, is from a judgment entered at the circuit, in an action of ejectment, and from an order denying a new trial.

*C. E. Stephens,* attorney for the appellants.

*Abram I. Mereness,* attorney for the respondent.

E. D. SMITH, J.:

The appeals in these two cases both present and depend upon the same question. It is, whether the foreclosure of the mortgage, mentioned in the pleadings and case, was valid or otherwise.

The question arises upon the affidavit of service of the notices of sale of the mortgaged premises. It appeared on the trial, that the mortgage in question was executed by William George and wife prior to April, 1869; that said George died in February, 1870, and that proceedings to foreclose the mortgage, which was past due, were commenced in March 1873, by advertisement.

No question was made as to the regularity of the proceedings upon the foreclosure, except that the affidavit of the printers did not

show a publication in each and every week for twelve weeks, which is not pressed, and is clearly untenable within the case of *Howard* v. *Hatch*; * also, that the affidavits do not show any service of notices on the administrators and administratrix of William George, deceased. It was proved on the trial that before the commencement of said foreclosure proceedings, Minerva George, Chester Shumway and Lorenzo Shumway were duly appointed administrators and administratrix of the estate of the said William George, deceased, and that they were duly qualified and acted as such. The affidavit of the service of the notice, stated that a copy of the printed notice of sale was, in due time and form, served on said administrators and administratrix, by inclosing the same to them, respectively, in a proper envelope, sealed and addressed to them at their residence, as follows: Mrs. Minerva George, Martinsburgh, N. Y.; Chester Shumway, administrator, etc., Martinsburgh, N. Y.; Lorenzo Shumway, administrator, etc., Martinsburgh, N. Y. We cannot see why this service was not entirely sufficient, and the object of the statute fully complied with. The notice apprised the persons served, etc., of the time and place of the proposed sale of the mortgaged premises of the estate of which they were administrators, etc. They could not be misled by it, and could not fail fully to understand its purport, purpose, object and intent. The notice was served upon the proper persons in proper time, and they were bound to take notice of such service, and act according to their rights and duties in respect thereto. The affidavits of publication and service of notice, printing, etc., were sufficient to perfect the foreclosure. In the action of ejectment and trespass, the party asserting such title was entitled to prove such extrinsic facts as were essential to give full force and effect to the foreclosure, and such proof was properly allowed on the trial.

Judgment in each case should be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.

* 29 Barb., 297.